[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Marc Fairty, request leave to amend his apportionment complaint in order to allege that the State of Connecticut is vicariously liable, under General Statutes § 52-556, as an apportionment defendant for the negligent acts of its employee, Roy Osborn. The plaintiff, Jennifer Clair, objects to this request.
The pertinent procedural history of this case is of significance. On June 9, 1998, the plaintiff began this suit against the defendant claiming damages arising from a motor vehicle accident which purportedly occurred on September 24, 1997. On September 30, 1998, the defendant filed a two count apportionment complaint naming the University of Connecticut, the State of Connecticut, and Roy Osborn, an employee of the state, as apportionment defendants.
On May 18, 2000, the plaintiff moved to strike the second count of the apportionment complaint pertaining to the university and the state because these apportionment defendants were immune from suit. On June 27, 2000, the court, L. Sullivan, J., granted the motion to strike the second count CT Page 13410 of the apportionment complaint. The defendant never repleaded as provided under Practice Book § 10-44.
However, on June 15, 2000, before Judge L. Sullivan granted the plaintiffs motion to strike, the defendant had filed a request for leave to amend the apportionment complaint. The proposed amendment sought to revamp the apportionment complaint to allege vicarious liability of the state and/or the university under § 52-556. On June 29, 2000, the plaintiff timely objected to the request for leave to amend.
The basis for the plaintiffs objection is that the proposed amendment states an entirely new theory of liability and is barred by the 120 day time period in which to serve apportionment complaints under General Statutes § 52-102b(a). The defendant contends that the doctrine of relation back saves his apportionment claim as to these apportionment defendants.
Before addressing this issue, the court finds a more fundamental problem presented by the procedural history of this case. As noted above, Judge L. Sullivan granted the motion to strike the apportionment complaint as to the state and the university, and never addressed the defendant's request for leave to amend which was then also pending. When the second count was stricken, there was no longer any count against these apportionment defendants left to amend. The granting of the motion to strike mooted that request. While the defendant may have had a right to amend within fifteen days after the granting of the motion to strike, under Practice Book § 10-44, he has never done so.
Even assuming that request to amend survived the granting of the motion to strike, the request should be denied because the proposed amendment alleges a new cause of action not fairly included in its original apportionment complaint, and the 120 day time limit of § 52-102b(a) has long expired.
Amendments relate back to the date of the original pleading unless they allege a new cause of action, Giglio v. Connecticut Light and Power Co.,180 Conn. 230, 239 (1980). "A cause of action is that single group of facts which is claimed to have brought about an unlawful injury . . ." Id. "It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same," Id.
A comparison of the original second count of the apportionment complaint with the proposed amendment demonstrates that a new and different claim is alleged in the proposed amendment. The original claim asserted that the university and the state were directly negligent in the CT Page 13411 design of bus stops, the signage appurtenant thereto, and in the training and instruction of bus drivers. The proposed amendment alleges vicarious liability for the acts and omissions of Osborn, a bus driver whose alleged negligence involves the inadequate operation of a bus at a specific time and place.
Negligent design comprises a different set of facts from negligent operation so as to create a new cause of action for which there is no relation back, Sharp v. Mitchell, 209 Conn. 59, 73 (1988). Likewise, negligent training of bus drivers in general is a distinct cause of action from the faulty driving of a particular bus driver at a particular time and place.
The court concludes that the defendant's proposed amendment to the apportionment complaint is barred by the 120 time limit set in §52-102b(a) for such complaints. The request for leave to amend is denied.
 ___________________, J. Sferrazza